1
2
3
4
5

6

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

7

8   | SHAMARICA D. SCOTT and LINDA A. WILSON, individually, | |
9   | | |
    | Plaintiffs, | Case No. |
10  | | |
    | v. | **COMPLAINT FOR DAMAGES** |
11  | | |
    | THE EVERGREEN STATE COLLEGE; JENNIFER SCHOOLER, and DOES I through X, inclusive, employees of The Evergreen State College, | |
12  | | |
13  | | |
14  | Defendants. | |

15

16   COMES NOW the Plaintiffs, by and through their attorney of record, Ada K. Wong of

17   AKW Law, P.C., in the above-entitled matter and allege as follows:

18   ## I.   BACKGROUND

19   1.   The Evergreen State College (hereinafter "Evergreen State College"),

20   individually or through its agents and/or management employees, violated Section 601 of the

21   Title VI of the Civil Rights Act of 1964, Title IX of the Federal Education Amendments of

22   1972, and Washington state law, causing Plaintiffs to suffer economic losses and mental and

23

COMPLAINT FOR DAMAGES - 1
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    emotional distress as a result of a hostile learning environment and discrimination based on

2    race, ethnicity, national origin, and/or sexual orientation.

3        2.      The subject violations took place on the Evergreen State College campus in

4    Olympia, Thurston County, Washington.

5        3.      Defendant Evergreen State College is a Washington State organization located

6    at 2700 Evergreen Parkway NW, Olympia, WA 98505.

7        4.      This action is for intentional infliction of emotional distress, negligent infliction

8    of emotional distress, racial discrimination under Title VI of the Civil Rights Act of 1964, §

9    601, 42 U.S.C. § 2000(d) *et. seq.*, and sexual orientation discrimination under Title IX, the

10   Education Amendments of 1972, 20 U.S.C.A. § 1681, and Article I Section III of the

11   Washington State Constitution.

12       5.      At all times relative and material to this Complaint, Defendant Evergreen State

13   College was a recipient of federal funds within the meaning of Title VI of the Civil Rights Act

14   of 1964, § 601, 42. U.S.C. § 2000(d) *et. seq.,* and Title IX of the Federal Educational Act, 20

15   U.S.C. § 1681(a).

16              **II.      JURISDICTION AND VENUE**

17       6.      The acts and omissions alleged herein, and the resulting injuries, occurred in

18   Thurston County, Washington.

19       7.      This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331,

20   through which district courts have jurisdiction over all civil actions arising under the

21   Constitution, laws, and treaties of the United States.

22       8.      This Court also has subject matter jurisdiction under 28 U.S.C. § 1343, through

23   which district courts have original jurisdiction over (a) any civil action authorized by law to be

**COMPLAINT FOR DAMAGES - 2**
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1 brought by any person to redress the deprivation, under color of any state law, statute,

2 ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the

3 Constitution of the United States or by any Act of Congress providing for equal rights of

4 citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to

5 recover damages or to secure equitable relief under any Act of Congress providing for the

6 protection of the civil rights.

7      9.    This Court has supplemental jurisdiction over Plaintiffs' state law claims under

8 28 U.S.C. § 1367 because the state law claims are so closely related to the federal law claims

9 as to form the same case or controversy under Article III of the U.S. Constitution.

10      10.    Plaintiffs brings this action to redress a hostile educational environment

11 pursuant to Title VI of the Civil Rights Act of 1964, § 601, 42. U.S.C. § 2000(d) *et. seq.* and

12 Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth

13 herein.

14      11.    Venue is proper in this Court under 28 U.S.C. § 1391(b) and 42 U.S.C. §

15 2000(e)(5)(f)(3), because the events giving rise to this claim occurred in Thurston County, and

16 the Defendant is an educational institution receiving federal public funds and based in Thurston

17 County.  Defendant was, and now is, an organized school under the laws of the State of

18 Washington, and the unlawful practices were committed in Thurston County within the State

19 of Washington in the Western District.

20                     **III.**   **PARTIES**

21      12.    Plaintiff ShaMarica D. Scott is a citizen of the United States and a resident of

22 Olympia, Washington.

23

**COMPLAINT FOR DAMAGES - 3**
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      13.    Plaintiff Linda A. Wilson is a citizen of the United States and a resident of

2    Olympia, Washington.

3      14.    Defendant Evergreen State College is a duly chartered university, situated in

4    Thurston County, Washington, and organized under the laws of the State of Washington.

5      15.    Defendant Jennifer Schooler was Evergreen State College's head women's

6    basketball coach at all times material hereto, and in doing the things complained of herein, was

7    acting within the course and scope of her employment by Evergreen State College.

8      16.    Defendants Does I through X, in doing the things complained of herein, were

9    acting within the course and scope of their employment by Evergreen State College.

10      17.    Each defendant is, and at all times herein mentioned was, an agent of the other

11    and acting within the course and scope of Evergreen State College in causing the harm as

12    alleged herein.

13            **IV.**    **PROCEDURAL REQUIREMENTS**

14      18.    On or about June 12, 2017, Plaintiffs each individually filed a tort claim with

15    Evergreen State College. More than 60 days have elapsed since service of the tort claims, to

16    which Evergreen State College has not provided a substantive response. Therefore, Plaintiffs

17    have met the statutory requirement to proceed with the filing of this lawsuit.

18      19.    Title VI and IX private action civil lawsuits do not require the exhaustion of

19    any administrative remedies.

20            **V.**    **STATEMENT OF FACTS**

21    **SHAMARICA SCOTT**

22      20.    Plaintiffs hereby incorporate by reference all allegations contained in

23    paragraphs 1 through 19, above.

COMPLAINT FOR DAMAGES - 4
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

21.     Plaintiff Scott, an African American woman, was enrolled as a full-time student at Evergreen State College starting in or around September of 2014.

22.     During the 2014–2015 school year, Plaintiff Scott played on the women's basketball team coached by Defendant Jennifer Schooler, Women's Basketball Head Coach.

23.     On a regular basis throughout the 2014–2015 school year and basketball season, Plaintiff Scott endured racially-based discrimination, epithets, intimidation, and public humiliation perpetrated by Defendant Schooler.

24.     Defendant Schooler, among other comments and behavior, repeatedly used the term "ghetto" in a derogatory fashion and/or with racial animus toward players on the Evergreen State College women's basketball team, including Plaintiff Scott.

25.     Defendant Schooler has stated openly that the Evergreen State College women's basketball team had more African American players than other teams in its league.

26.     Defendant Schooler also talked about how their team may be perceived differently by other teams because of the number of African American basketball players on the team.

27.     Team members on the basketball team lead by Defendant Schooler, and the same team that Plaintiff Scott was on, witnessed incidents of Defendant Schooler's repeated vocal refusals to coach a team of "ghetto players."

28.     Defendant Schooler also used race-baiting tactics to "motivate" her team with statements such as, "If you think that white teams feel intimidated by black players, they don't."

29.     As a result of Defendant Schooler's racially charged comments, Plaintiff Scott felt unwelcome and distraught.

COMPLAINT FOR DAMAGES - 5
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    30.    Other basketball team members expressed that Defendant Schooler regularly

2  made racially, sexually, highly personal, and/or otherwise profane statements during school

3  sanctioned practices and/or games.

4    31.    Defendant Schooler also made unwelcome and unsolicited comments about

5  Plaintiff's Scott sexual orientation and marital status.

6    32.    Plaintiff Scott, a female, is a lesbian.

7    33.    During the times material hereto, Plaintiff Scott was dating another female and

8  often referred to her as her "wife".

9    34.    Defendant Schooler asked on multiple occasions in a harassing and sarcastic

10  manner in front of other team members, "Scott, is she really your wife, like legally your wife?"

11    35.    Although, upon information and belief, Defendant Schooler is a lesbian, she

12  discouraged and clearly did not like her team members engaging in conversation about being

13  in a relationship with other females.

14    36.    On more than one occasion, Defendant Schooler would make comments about

15  Plaintiff Scott's t-shirt from a Portland Gay Pride event during basketball practice such as

16  "Scott, you and that f*cking shirt again?!  Can you not wear something like that!  Do you have

17  to wear something that says who you are?!"

18    37.    Defendant Schooler then forced Plaintiff Scott to wear the shirt inside-out.

19    38.    Defendant Schooler even commented about Plaintiff Scott's t-shirt that Scott

20  "had the confidence to wear a shirt *like that* in public."

21    39.    Defendant Schooler's constant berating and harassment of Plaintiff Scott

22  caused her severe mental and emotional distress.

23

COMPLAINT FOR DAMAGES - 6
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

40.     Defendant Schooler treated Plaintiff Scott differently than the other team members because of Plaintiff Scott's race and sexual orientation.

41.     Plaintiff Scott reported the incidents to Evergreen State College.

42.     Lorie H. Mastin, Affirmative Action & Equal Opportunity ("AA/EO") Officer of Evergreen State College, conducted an investigation into Plaintiff Scott's complaints.

43.     Ms. Mastin investigated claims of discrimination on the basis of race as well as on the basis of sexual orientation.

44.     Ms. Mastin's investigation found that as to the allegation of discrimination based on race, Defendant Schooler more likely than not violated Evergreen State College's non-discrimination policy.

45.     Ms. Mastin also investigated Plaintiff Scott's complaints of a hostile, intimidating, and offensive learning environment.

46.     Ms. Mastin's investigation found that as to the allegation of harassment, Defendant Schooler more likely than not violated Evergreen State College's non-discrimination policy.

47.     Upon information and belief, Defendant Schooler expressed a willingness to take responsibility for offending Plaintiff Scott and other team members.

48.     In or around mid-May of 2015, Defendant Schooler terminated Plaintiff Scott from the women's basketball team.

49.     Defendant Schooler told Plaintiff Scott that "the team was heading in a different direction" and that they did not want Plaintiff to be part of the team.

50.     See attached **Exhibit A**, hereby incorporated by reference, a copy of the Memorandum as related to Plaintiff Scott by Ms. Mastin to Wendy Endess, Vice President of

COMPLAINT FOR DAMAGES - 7
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   Student Affairs, and Sharon Goodman, Director of Recreation & Athletics of Evergreen State

2   College, dated May 27, 2016.

3   **LINDA WILSON**

4        51.    Plaintiffs hereby incorporate by reference all allegations contained in

5   paragraphs 1 through 50, above.

6        52.    Plaintiff Wilson was enrolled as a full-time student at Evergreen State College

7   starting in or around September of 2015.

8        53.    During the 2015-2016 school year, Plaintiff Wilson played on the women's

9   basketball team coached by Defendant Schooler.

10       54.    On or about September 15, 2016, Defendant Schooler held a women's

11  basketball team meeting attended by Plaintiff Wilson, in which Defendant Schooler stated that

12  intra-team dating was not allowed, and that all players were required to report the existence of

13  such intra-team romantic relationships to the entire team, including coaching staff, upon

14  discovery.

15       55.    Sometime after this meeting, several players, including Plaintiff Wilson,

16  became aware that two of their teammates had become romantically involved.

17       56.    In or around November of 2016, Defendant Schooler called a team meeting in

18  which she singled out players in front of the group, publicly accusing two team members of

19  entering into a romantic relationship with each other, and accusing four team members,

20  including Plaintiff Wilson, of failing to report the relationship to the rest of the team and

21  coaching staff.

22       57.    Defendant Schooler loudly and angrily admonished these team members in

23  front of the whole group, stating that all players in question were directly responsible for the

COMPLAINT FOR DAMAGES - 8
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   existence of the intra-team dating relationship because they failed to hold their teammates

2   accountable to the rule prohibiting the relationship.

3      58.    Upon information and belief, Evergreen State College had no policy for any

4   other sports or athletic teams prohibited intra-team dating during the relevant time periods

5   herein mentioned.

6      59.    After the November 2016 meeting, Defendant Schooler repeatedly and

7   privately pressured Plaintiff Wilson to hold team members involved in intra-team dating

8   relationships "accountable" by directly confronting such team members and telling them that

9   their choices were negatively affecting the entire team.

10     60.    In at least one of these one-on-one meetings, Defendant Schooler further

11   attempted to manipulate Plaintiff Wilson by using Plaintiff Wilson's religious faith as leverage

12   to convince her to confront her teammates.

13     61.    Defendant Schooler specifically stated that Plaintiff Wilson "talked the talk"

14   but did not "walk the walk," in terms of her religious faith because of her refusal to divulge

15   private information about her teammates' private relationships.

16     62.    Defendant Schooler also leveraged Plaintiff Wilson's tuition waiver and

17   scholarship funding if Plaintiff Wilson did not comply.

18     63.    The constant pressure to broadcast details of her teammates' private lives in

19   exchange for an athletic scholarship or tuition waiver was more than Plaintiff Wilson could

20   handle, leaving her with no choice but to resign from the team.

21     64.    AA/EO Officer Lorie Mastin conducted an investigation of Plaintiff Wilson's

22   allegations and determined that, on a more probable than not basis, Defendant Schooler

23   violated both the school's Non-Discrimination Policy and Sexual Harassment Policy.

COMPLAINT FOR DAMAGES - 9
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

65.     See attached **Exhibit B**, hereby incorporated by reference, a copy of the Memorandum as related to Plaintiff Wilson by Ms. Mastin to Wendy Endess, Vice President of Student Affairs, and Sharon Goodman, Director of Recreation & Athletics of Evergreen State College, dated November 13, 2016.

## VI.     FIRST CLAIM FOR RELIEF

### (VIOLATION OF ARTICLE I SECTION III OF THE WASHINGTON STATE CONSTITUTION)

66.     Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 65, above.

67.     Plaintiffs have a protected liberty interest, derived from the Due Process clause of the 14th Amendment, and Title 1, Section 3 of the Washington State Constitution to be free from discrimination and abuse while attending school.

68.     Defendant Evergreen State College has a constitutional duty to implement and enforce policies and procedures to ensure that its faculty and staff are not subjecting its students to discrimination or abuse.

69.     As a proximate cause of Defendant Evergreen State College's failure to follow those policies to protect Plaintiffs from discrimination and abuse at school, Plaintiffs suffered economic and emotional damages.

70.     As a proximate cause of Defendants' failure to exercise those policies to protect Plaintiffs from discrimination and abuse at school, Plaintiffs were removed from the basketball team, resulting in a loss of scholarships and tuition waivers.

//

//

COMPLAINT FOR DAMAGES - 10
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**SECOND CLAIM FOR RELIEF**

2

**(VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972)**

3    71.    Plaintiffs hereby incorporate by reference all allegations contained in

4    paragraphs 1 through 70, above.

5    72.    Title IX of the Educational Amendments of 1972 prohibit discriminatory

6    practices by federally funded educational institutions, specifically that "no person in the United

7    States shall, on the basis of sex, be excluded from participation in, be denied the benefits of,

8    or be subjected to discrimination under any educational program or activity receiving federal

9    financial assistance."

10    73.    The prohibition against discrimination include sex discrimination and against

11    sexual harassment and discrimination on the basis of sexual orientation.

12    74.    Plaintiffs were students at Evergreen State College, where they were subjected

13    to harassment and discrimination on the basis of their race, sex and/or sexual orientation.  The

14    harassment was sufficiently severe to create an abusive environment in an education program

15    or activity.

16    75.    Defendant Evergreen State College knew about the discrimination and

17    harassment and failed to remedy the situation.  The harassment was so severe, pervasive, and

18    objectively offensive that it limited Plaintiffs' education and extra-curricular opportunities.

19    76.    Defendant Schooler's discriminatory behavior was witnessed by multiple

20    Evergreen State College employees who failed to report the behavior, thereby allowing it to

21    continue.

22    77.    Evergreen State College failed to take appropriate steps to prevent the

23    discrimination and harassment from occurring.

**COMPLAINT FOR DAMAGES - 11**
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

78.     Such conduct as alleged herein constitutes a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681.

79.     As a direct and proximate cause of Defendant Evergreen State College's collective failure and deliberate indifference to Defendant Schooler's discriminatory behavior, Plaintiffs suffered physical and emotional injury which adversely impacted their educational opportunities and benefits.

80.     Plaintiffs are entitled to recover damages for Defendants' conduct, including but not limited to general damages, special damages, reasonable attorney's fees and costs.

### THIRD CLAIM FOR RELIEF

### (VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964)

81.     Plaintiffs hereby incorporate by reference all allegations contained in paragraphs 1 through 90, above.

82.     Section 601 of the Title VI of Civil Rights Act of 1964 prohibit discriminatory practices by federally funded educational institutions, specifically that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance."

83.     The prohibition against discrimination include race discrimination and against racial harassment and discrimination on the basis of race, color, or national origin.

84.     Plaintiffs were students at Evergreen State College, where they were subjected to harassment and discrimination on the basis of their race, color, and/or national origin.  The harassment was sufficiently severe to create an abusive environment in an education program or activity.

COMPLAINT FOR DAMAGES - 12
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    85.    Evergreen State College knew about the discrimination and harassment and

2    failed to remedy the situation.  The harassment was so severe, pervasive, and objectively

3    offensive that it limited Plaintiffs' education and extra-curricular opportunities.

4    86.    Defendant Schooler's discriminatory behavior was witnessed by multiple

5    Evergreen State College employees who failed to report the behavior, thereby allowing it to

6    continue.

7    87.    Evergreen State College failed to take appropriate steps to prevent the

8    discrimination and harassment from occurring.

9    88.    Such conduct as alleged herein constitutes a violation of Title VI of the Civil

10    Rights Act of 1964, § 601, 42 U.S.C. § 2000(d).

11    89.    As a direct and proximate cause of Defendant Evergreen State College's

12    collective failure and deliberate indifference to Defendant Schooler's discriminatory behavior,

13    Plaintiffs suffered physical and emotional injury which adversely impacted their educational

14    opportunities and benefits.

15    90.    Plaintiffs are entitled to recover damages for Defendants' conduct, including

16    but not limited to general damages, special damages, reasonable attorney's fees and costs.

17    **FOURTH CLAIM FOR RELIEF**

18    **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

19    91.    Plaintiffs hereby incorporate by reference all allegations contained in

20    paragraphs 1 through 90, above.

21    92.    The acts described herein committed by Defendants and their agents and

22    employees were extreme and outrageous, and were done with the intention of inflicting severe

23

COMPLAINT FOR DAMAGES - 13
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   emotional distress upon Plaintiffs, or were done with reckless disregard as to whether such acts

2   would cause Plaintiffs severe emotional distress.

3        93.    Defendants knew or should have known that the actions being taken would

4   cause emotional distress. Any reasonable person would know that the actions and conduct

5   alleged herein would cause emotional distress to another.

6        94.    Defendants and their agents and employees had a duty to refrain from or stop

7   such actions and have failed to do so, causing harm to Plaintiffs.

8        95.    As a direct and proximate cause of Defendants' actions, Plaintiffs suffered and

9   continue to suffer damages, including but not limited to physical harm, mental distress,

10  emotional distress, stress, pain and suffering, and loss of income in the form of scholarships

11  and tuition waivers, in an amount to be proven at trial.

12                          **FIFTH CLAIM FOR RELIEF**

13                 **(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

14       96.    Plaintiffs hereby incorporate by reference all allegations contained in

15  paragraphs 1 through 95, above.

16       97.    Defendants knew or reasonably should have known that the conduct described

17  above would and did proximately result in physical and emotional distress to Plaintiffs.

18       98.    Defendant Evergreen State College is strictly liable for the conduct and acts

19  committed by its employees, agents, and/or staff.

20       99.    As a direct and proximate cause of Defendants' actions, Plaintiffs suffered and

21  continue to suffer damages, including but not limited to physical harm, mental distress,

22  emotional distress, stress, pain and suffering, and loss of income in the form of scholarships

23  and tuition waivers, in an amount to be proven at trial.

COMPLAINT FOR DAMAGES - 14
*SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## VII.   PRAYER FOR RELIEF

2    WHEREFORE, Plaintiffs pray that the Court enter a judgment against the Defendants

3 on their behalf for the following:

4    A.    For special damages, including but not limited to those resulting from the loss

5 of scholarships and tuition waivers in amounts to be determined at the time of trial;

6    B.    For all general damages, including but not limited to physical, mental, and

7 emotional injury resulting from the acts complained of herein;

8    C.    For attorney's fees, prejudgment interest, costs, exemplary, and punitive

9 damages as may be provided by law;

10    D.    For all forms of relief afforded plaintiffs who are aggrieved in violation of Title

11 VI of the Civil Rights Act of 1964;

12    E.    For all forms of relief afforded plaintiffs who are aggrieved in violation of Title

13 IX of the Education Amendments of 1972; and

14    F.    For such other and further relief as the court deems just and equitable.

15

**DATED** October 13, 2017.

16

17    **AKW LAW, P.C.**

18    _____
     Ada K. Wong, WSBA #45936

19    Attorney for Plaintiffs
     6100 219th St. SW, Suite 480

20    Mountlake Terrace, WA 98043
     Tel.: (206) 259-1259

21    Fax: (855) 925-9529
     E-mail: ada@akw-law.com

22

23

**COMPLAINT FOR DAMAGES - 15**
_SCOTT, ET AL. V. THE EVERGREEN STATE COLLEGE, ET AL._

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529