THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAMARICA D. SCOTT and LINDA A. WILSON, individually,<br><br>Plaintiffs,<br><br>v.<br><br>THE EVERGREEN STATE COLLEGE; JENNIFER SCHOOLER, and DOES I through X, inclusive, employees of The Evergreen State College,<br><br>Defendants. | Case No. 3:17-cv-05823-BHS<br><br>**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, December 14, 2018<br><br>Without Oral Argument |

## I. RELIEF REQUESTED

Plaintiff ShaMarica D. Scott respectfully requests that the Court order Defendant The Evergreen State College (hereinafter "TESC") to produce a CR 30(b)(6) designee for a supplemental deposition.

## II. BRIEF RELEVANT BACKGROUND

On July 6, 2018, Plaintiff Scott served Defendant TESC with her Notice of CR 30(b)(6) Deposition of Defendant The Evergreen State College (hereinafter "Notice"). Declaration of Ada K. Wong (hereinafter "Wong Decl."), ¶ 3, Ex. A. The Notice included descriptions of

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 1**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

various topics about which examination was requested, including topics on which Defendant TESC failed to produce a designee, namely topic 11 and the latter part of topic 18[1]:

> 11. All policies and requirements regarding athletic scholarships and/or tuition waivers or reductions in effect from January 1, 2014 – December 31, 2016.
>
> 18. Jennifer Schooler's job duties, responsibilities, authority to disallow students from playing on the Women's Basketball Team, and authority or ability to have any effect on whether student athletes are granted an athletic scholarship or tuition waivers/reductions.

To accommodate the schedules of counsel and the witnesses, the deposition was continued a couple times; the deposition finally occurred over two half-days on November 14 and 15, 2018. Wong Decl., ¶ 3. Originally, the CR 30(b)(6) deposition was scheduled for November 15, 2018, but because one of Defendant TESC's lay witness's deposition was scheduled for November 14, 2018, and Defendant wanted to designate said witness as a corporate representative as well, Plaintiff Scott was happy to accommodate the lay witness and conduct both her lay witness deposition and her portion of the CR 30(b)(6) deposition the same day on November 14, 2018. *Id.* at ¶ 4. As such, the CR 30(b)(6) deposition resumed the following morning on November 15, 2018. *Id.* at ¶ 5.

However, on the morning of November 15, 2018, defense counsel, Mr. El Shon Richmond, *for the first time*, told Plaintiff's counsel, Mrs. Ada Wong, that Defendant TESC was not designating any witnesses for topics 11 and 21. *Id.* at ¶ 6. Wong and Richmond discussed this briefly before the deposition started, and again during the breaks, including why

---

[1] Defendant TESC also, for *the first time* the day of the deposition, refused to designate a witness to testify to topic no. 21, which relates to "All facts related to Defendants' affirmative defenses" and purports to list out various affirmative defenses. However, Plaintiff Scott is not seeking to compel a designee at this time because Defendants have admitted that they do not have any witnesses to speak to these facts besides defense counsel himself, and to which Plaintiff Scott is simultaneously filing a Motion for Partial Summary Judgment on said affirmative defenses raised by Defendants.

| PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 2<br>Case No. 3:17-cv-05823-BHS | **AKW LAW, P.C.**<br>6100 219th St. SW, Suite 480<br>Mountlake Terrace, WA 98043<br>Tel. (206) 259-1259 / Fax (855) 925-9529 |
|---|---|

it was the first time that Wong was hearing about this since the Notice was sent almost 4.5 months ago. *Id.* at ¶ 7. At the end of the deposition, although the designated representative was able to briefly discuss the former portion of topic 18, she had no knowledge of the latter portion of topic 18 (Jennifer Schooler's authority or ability to have any effect on whether student athletes are granted an athletic scholarship or tuition waivers/reductions). *Id.* at ¶ 11.

### III. ISSUE PRESENTED

1. Whether the Court should order Defendant TESC to produce a CR 30(b)(6) designee for a supplemental deposition when Plaintiff Scott provided her list of topics almost 4.5 months prior to the deposition and when Defendant TESC failed to object or even bring up the issue of not producing a witness for particular topics until the morning of the deposition.

### IV. EVIDENCE RELIED UPON

In support of this Motion, Plaintiff Scott relies upon the following:

1. The Declaration of Ada K. Wong and the attachments thereto; and
2. The files and pleadings herein.

### V. AUTHORITY AND ARGUMENT

**A. Plaintiff Scott Complied with Fed. R. Civ. P. 37(a)(1) and Can Move for an Order Compelling Designation of a Rule 30(b)(6) Representative**

A party seeking discovery may move for an order compelling a designation if "a corporation or other entity fails to make a designation under Rule 30(b)(6)." Fed. R. Civ. P. 37(a)(3)(B)(i). When a party moves for an order compelling discovery "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 3
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

As evidenced by the Declaration of Ada K. Wong attached in support of Plaintiff Scott's underlying motion, the parties, through counsel, have met and conferred in good faith on November 20, 2018 to resolve this discovery dispute short of resorting to Court intervention. Wong. Decl., ¶¶ 15-17. However, to date, defense counsel has failed to produce the requested designee necessitating a Court Order.

**B.  Fed. R. Civ. P. 30(b)(6) Authorizes Parties to Depose an Entity Regarding Topics Itemized in the Deposition Notice**

A party may, in her notice of deposition, "name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). "The named organization must then designate one or more offices, directors, or management agents, or designate other persons who consent to testify on its behalf; and it may set out the designated matters on which each person designated will testify." *Id.*

**C.  The Entity Must Provide Knowledgeable Representative(s)**

An organization has a duty to prepare its representative to provide complete, knowledgeable, and binding answers on its behalf. *Nevada Power Co. v. Monsanto Co.*, 891 F.Supp. 1406 (D.Nev. 1995); *U.S. v. Massachusetts Indus. Finance Agency*, 162 F.R.D. 410 (D.Mass. 1995). The designated representative must be able to testify with the full knowledge of the organization concerning the subject matter and the organization may not limit the testimony of the representative to the representative's personal knowledge. *Buycks-Roberson v. Citibank Federal Sav. Bank*, 162 F.R.D. 388 (N.D.Ill. 1995). Once a requesting party describes with reasonable particularity the matters on which the examination is requested, a series of duties fall on the responding corporation. *Alexander v. Fed. Bureau of Investigation*,

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 4
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

186 F.R.D. 137, 139-41 (D.D.C. 1998). First, the responding party must designate a deponent knowledgeable on the topic. *Id.* at 141. Second, the responding party must designate multiple deponents if more than one is necessary to respond to all designated topics. *Id.* Third, the responding corporation must prepare the deponent so that s/he can testify on matters both within her/his personal knowledge as well as those reasonably known by the responding entity." *Id.*; *U.S. ex. rel Fago v. M&T Mort. Corp.*, 235 F.R.D. 11, 23 (D.D.C. 2006).

The corporation's duty to prepare the designated deponent "beyond matters personally known to the designee or to matters in which that designee was personally involved" indicates that the deponent must investigate not just facts reasonably known to the corporation, but any fact potentially relevant to the described topic known by any employee or agent of the corporation. *Poole v. Textron, Inc.*, 192 F.R.D. 494, 504 (D.Md. 2000); *Wilson v. Lakner*, 228 F.R.D. 524, 528 (D.Md. 2005). The entity is not relieved of its obligation to produce a designee to testify on behalf of the entity simply because the events are distant and no current employee has a memory of the events. If the information is readily available from a documentary source, the organization must prepare a representative to testify about distant events. *In re Honda Am. Motor Co., Inc. Dealership Relations Litigation*, 168 F.R.D. 535 (D.Md. 1996). The organization may also designate a former employee as its representative(s). *U.S. v. Taylor*, 166 F.R.D. 356, *affirmed* 166 F.R.D. 367 (M.D.N.C. 1996). A corporation has "a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter." *Anderson v. Domino's Pizza, Inc.*, --- F.Supp. 2d ---, 2012 WL 1684620 *4 (W.D.Wash. 2012) (quoting *Great Am. Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 538 (D.Nev. 2008)) (quotations and other citations omitted). A corporation is

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 5
Case No. 3:17-cv-05823-BHS

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

obligated to produce one or more Rule 30(b)(6) witness who are thoroughly educated about the noticed deposition topics and facts known to the corporation or its counsel. *See id.* (citing *In re: Vitamins Antitrust Litigation*, 216 F.R.D. 168, 172 (D.D.C. 2003)).

Fed. R. Civ. P. 30(b)(6) requires a good faith effort on part of the entity to find out the relevant facts – to collect information, review documents, and interview employees with personal knowledge just as a corporate party is expected to do in answering interrogatories. This interpretation is necessary in order to make the deposition a meaningful one and to prevent the "sandbagging" of an opponent by conducting a half-hearted inquiry before the deposition, but a thorough and vigorous one before trial or at the summary judgment stage. This would completely defeat the purpose of the discovery process. *See Taylor*, 166 F.R.D. at 362.

**D.     Defendant TESC's Unreasonable and Untimely Refusal to Produce a Designee**

Here, Defendant TESC's counsel failed to provide an appropriate designee for topics 11 and 18 as outlined above. This was first brought to Plaintiff Scott's counsel's attention *the second morning of* the deposition on November 15, 2018. The Notice, which included these very topics, was served on Defendants on July 6, 2018. Defendant TESC had almost 4.5 months to object or seek a protective order – or simply communicate with Plaintiff Scott's counsel regarding their position. However, Defendant TESC did not do any of this and instead waited until the last possible minute to tell Plaintiff's counsel Wong that there are not designating any representative to testify regarding topics 11 and 18. For efficiency and cost-effectiveness sake, once Wong was advised of this at the start of the second day of the CR 30(b)(6) deposition, she spoke with Richmond regarding the untimeliness of this refusal and requested that he communicate with his client before the deposition is over to see if they are willing to produce a representative to speak on this topic that day. Wong Decl., ¶ 8. Richmond

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR
30(b)(6) DESIGNEE - 6
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

stated that he will think about it and may talk to his client during a break. *Id.* at ¶ 9. During the breaks, Wong continued to press Richmond to speak with his client, so the deposition can conclude that day. *Id.* at ¶ 10. Unfortunately, Defendant TESC's final determination was that it was not going to produce a designee for the remaining topics. Wong then requested to meet and confer with Richmond regarding this issue (among other issues) and counsel agreed to hold the conference on November 20, 2018. *Id.* at ¶ 12.

If a party believes that any discovery request is improper, it is incumbent upon that party to seek a protective order. Fed. R. Civ. P. 26(c). This includes limiting the scope of discovery; and these rules apply to any discovery request, including 30(b)(6) depositions. Fed. R. Civ. P. 37(d); *Bregman v. Dist. of Columbia*, 182 F.R.D. 352, 355 (D.D.C. 1998); *EEOC v. Thurston Motor Lines, Inc.*, 124 F.R.D. 62, 67 (D.P.R. 1981).

Defendant TESC had nearly 4.5 months to raise any issue with the Notice and/or inform Plaintiff Scott that it was not going to designate a representative for any of the topics outlined in the original Notice. If no one at TESC was able to provide testimony regarding these topics, it should have sought a protective order – though Plaintiff Scott doubts the validity of Defendant's position because TESC offers athletic scholarships, tuition waivers, and/or tuition reductions, and TESC should know how these decisions are made and whether a Head Coach has any authority or ability over these decisions.

In addition to the questionable timing of raising the issue for the first time the second morning of the deposition, Defendant TESC's more detailed objection was raised *after* the CR 30(b)(6) deposition concluded, specifically, that Defendant TESC was concerned about the relevance and pertinence of the time frame (which Defendant TESC contends should be limited to when Defendant Schooler was the Head Coach and made decisions regarding Plaintiff

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 7
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Scott's tuition waiver). Wong Decl., ¶ 13. Defense counsel also stated that Plaintiff Scott can use a brief portion of one of an upcoming lay witness's deposition to explore whether she has knowledge of this topic and can ask her questions in her lay witness capacity if she has such knowledge. *Id.* at ¶ 14.

During the November 20, 2018 conference, Wong advised Richmond that Plaintiff Scott was willing to limit the policies and requirements as outlined in the Notice's outstanding topics to the Women's Basketball Team at TESC. *Id.* at ¶ 15. The parties were unable to agree on a timeframe. *Id.* at ¶ 16. Moreover, Plaintiff Scott is seeking sworn testimony not from any particular individual, but from the corporate defendant itself. Defendant TESC has, on numerous occasions, stated that topics that were covered in previous depositions by lay witnesses should not be covered again in a CR 30(b)(6) deposition for efficiency. *Id.* at ¶ 17. However, it is Plaintiff Scott's right under the Federal Rules of Civil Procedure to seek sworn testimony from an entity – here, TESC – not from a lay witness whose testimony would not be binding on Defendant TESC. *See* Fed. R. Civ. P. 30(b)(6) and 37(b)(2); *Taylor*, 166 F.R.D. at 361 ("The corporation must provide its interpretation of documents and events."). Testimony from current or former company employees in their individual capacities does not bind the corporation and does not provide Plaintiff Scott with meaningful information about TESC's position on various areas of inquiry or its policies and procedures. *See, e.g.*, *CFTC v. Noble Metals Int'l, Inc.*, 67 F.3d 766, 771 (9th Cir. 1995); *Calzaturificio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D.Mass. 2001). Thus, Defendant TESC's argument that Plaintiff Scott has the answers she needs from TESC through individual depositions is without foundation in law or fact, and should be rejected.

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 8**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**E. Sanctions are Appropriate if the Entity Fails to Provide Informed/Knowledgeable Representative(s)**

Courts understandably must guard against the gamesmanship of an entity avoiding deposition topics by not designating an agent to testify regarding topics as outlined in the requesting party's Notice – especially when the Notice was provided almost 4.5 months before the deposition was held. To the extent that a designee is not responsive to a notice of deposition – claiming no or limited knowledge – the responding party may be subject to sanctions. *See, e.g.*, *Taylor*, 166 F.R.D. at 363. This is particularly true where a more knowledgeable witness might have been produced. *See Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196 (5th Cir. 1993). However, even despite a forthcoming witness, if unanswered information is significant enough, the CR 30(b)(6) deposition may have to be reconvened, possibly with a new witness, <u>and attorney's fees and costs awarded</u>. *See Resolution Trust Corp.*, 985 F.2d at 197; *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D 121, 126 (M.D.N.C. 1989). Where conduct is willful, imposition of attorney's fees and costs is inadequate, and stronger sanctions must be meted out.

As the court in *Noble Metals* stated, "Had [defendants] truly been unbale to designate a representative, they could have sought a protective order. . . . By eschewing any application for such an order, and instead declining to make an appropriate designation of someone to testify, [defendants] engaged in a calculated course of conduct." 67 F.3d at 771 (citations omitted).

Here, Defendant TESC deliberately waited until the *morning of* the second day of the deposition to notify Plaintiff that it was not going to designate a witness to testify to a few of the topics outlined in the Notice. It had more than ample time and opportunity to bring this

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 9**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

issue to Plaintiff's attention, but Defendant choose not to. As such, Plaintiff Scott's motion to compel supplemental testimony is both proper and reasonable in light of Defendant TESC's refusal to comply with the rules of civil procedure and its failure to provide complete, knowledgeable, and binding testimony responsive to Plaintiff Scott's Notice, topics 11 and 18. Moreover, Defendant TESC's untimely assertion that there is no one who at TESC who can speak on these topics is disingenuous at best, and TESC's instruction for Plaintiff Scott to ask an upcoming lay witnesses regarding her potential knowledge on these topics is a delay tactic that is unlikely to yield any true response, and definitely not binding testimony on TESC. Defendant TESC has also made no showing that it made any good faith attempt to designate a representative who could give testimony responsive to topics 11 and 18.

TESC's failure to raise any issues regarding the scope of the topics or the availability of a knowledgeable designee before the deposition occurred renders Defendant TESC's arguments and objections moot. Whatever issues or objections Defendant TESC had could have easily been addressed in the almost 4.5 months between the Notice and deposition. *See, e.g.*, *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 639 (D.Minn. 2000).

Plaintiff Scott is not asking for a specific amount for sanctions at this time and defers to what the Court may deem fit given the circumstances and Defendant TESC's conduct. However, Plaintiff Scott is specifically requesting that should this Court compel Defendant TESC to attend a supplemental deposition, that TESC bear the attorney's fees and costs for bringing this motion and its reply, mileage and parking reimbursement, if any, and court reporter's fees and costs.

**F.    Timing of Supplemental Deposition**

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 10
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Timing is a serious concern because the discovery cutoff is December 21, 2019, and the trial is scheduled for February 26, 2019. Plaintiff Scott also anticipates Defendants filing a motion for summary judgment on November 29, 2018. Plaintiff Scott respectfully requests this court to compel Defendant TESC to provide a knowledgeable designee for topics 11 and 18, as outlined in Plaintiff Scott's Notice, between January 7, 2019 and January 18, 2019, to occur at Plaintiff Scott's counsel's office.[2]

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Scott respectfully requests that Defendant TESC be compelled to prepare and produce a corporate designee for further deposition on topics 11 and 18 as identified in her Notice of Deposition, with all attorney's fees and costs associated with this motion and the supplemental deposition to paid for by Defendant TESC.

## VII. PROPOSED ORDER

A proposed order seeking the relief requested is attached.

**DATED** November 29, 2018.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Attorney for Plaintiff ShaMarica D. Scott
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com

---

[2] Of course, Plaintiff Scott prefers the supplemental deposition to take place as early as possible after the noted hearing date of December 14, 2018, but Plaintiff Scott understands that an Order may not be issued that same day, and Plaintiff's counsel will be out of state (and has filed her Notice of Unavailability on November 9, 2018), and has also taken into account the upcoming holidays that may impact the availability of defense counsel and witness(es). *See* Dkt. #37 (Second Amended Notice of Unavailability of Wong).

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 11**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On November 29, 2018, I caused a copy of the foregoing **PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE** to be served on the parties listed below in the manner specified below:

| | | |
|---|---|---|
| El Shon D. Richmond<br>Janay Ferguson<br>Suzanne LiaBraaten<br>ATTORNEY GENERAL OF WASHINGTON /<br>Torts Division<br>7141 Cleanwater Drive SW<br>P.O. Box 40126<br>Olympia, WA 98504<br>Elshonr@atg.wa.gov<br>JanayF@atg.wa.gov<br>stefanyl@atg.wa.gov<br>daniellew@atg.wa.gov<br>TOROlyEF@atg.wa.gov<br>maritzao@atg.wa.gov<br>*Attorneys for Defendants* | ☐<br>☐<br>☐<br>☒ | VIA FACSIMILE<br>VIA FIRST CLASS U.S. MAIL<br>VIA MESSENGER/HAND DELIVERY<br>**VIA E-MAIL/E-FILE**<br>*Per 1/17/18 Stipulation Regarding Electronic Service Pursuant to Fed. R. Civ. P. 5* |
| Linda A. Wilson<br>2504 17th Ave NW<br>Olympia, WA 98502<br>*Plaintiff* | ☐<br>☒<br>☐<br>☒ | VIA FACSIMILE<br>**VIA FIRST CLASS U.S. MAIL**<br>VIA MESSENGER/HAND DELIVERY<br>VIA E-MAIL/E-FILE |

Dated this 29th day of November, 2018, at Mountlake Terrace, Washington.

*/s/ Kaila A. Eckert*_____
Kaila A. Eckert, Paralegal

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL CR 30(b)(6) DESIGNEE - 12
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529