THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAMARICA D. SCOTT and LINDA A. WILSON, individually,

                   Plaintiffs,

v.

THE EVERGREEN STATE COLLEGE; JENNIFER SCHOOLER, and DOES I through X, inclusive, employees of The Evergreen State College,

                   Defendants.

Case No. 3:17-cv-05823-BHS

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES**

**NOTE ON MOTION CALENDAR:**
Friday, December 21, 2018

Without Oral Argument

## I.    <u>RELIEF REQUESTED</u>

Plaintiff ShaMarica D. Scott respectfully requests that the Court grant her motion for partial summary judgment and strike Defendants The Evergreen State College's and Jennifer Schooler's (collectively "Defendants") affirmative defenses, which are unsupported by the evidence in this case or otherwise do not constitute valid affirmative defenses to Scott's claims.

Summary judgment in Scott's favor on Defendants' unsupported defenses is appropriate to narrow the issues in this case before trial. "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses"

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 1
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

upon a proper showing that there is no genuine, triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24; 327 (1986). Thus, Plaintiff Scott asks that the Court grant summary judgment in her favor on the various affirmative defenses identified in this Motion.

## II.   FACTUAL BACKGROUND

**A.   Defendants' Mistreatment of Scott**

Plaintiff Scott, an African American woman, was enrolled as a full-time student at The Evergreen State College (hereinafter "TESC") starting Fall of 2014. Declaration of ShaMarica D. Scott (hereinafter "Scott Decl."), ¶¶ 2-3. During the 2014–2015 school year, Scott was a member on TESC's Women's Basketball Team led by Head Coach Jennifer Schooler. *Id.* at ¶¶ 4-5. On a regular basis throughout the 2014–2015 basketball season, Scott endured racially-based discrimination, epithets, intimidation, and public humiliation perpetrated by Defendant Schooler. *Id.* at ¶ 6. Defendant Schooler, among other comments and behavior, repeatedly used the term "ghetto" in a derogatory fashion and/or with racial animus toward players on the Women's Basketball Team, including Scott. *Id.* at ¶ 7. Defendant Schooler has stated openly that TESC's Women's Basketball Team had more African American players than other teams in its league. Defendant Schooler also talked about how their team may be perceived differently by other teams because of the number of African American basketball players on the team. *Id.* at ¶ 8.

Athletes on TESC's Women's Basketball Team led by Head Coach Schooler, including Scott, witnessed incidents of Defendant Schooler's repeated vocal refusals to coach a team of "ghetto players." *Id.* at ¶ 9. Defendant Schooler also used race-baiting tactics to allegedly "motivate" her team with statements such as, "If you think that white teams feel intimidated by black players, they don't." *Id.* at ¶ 10; *see also* Deposition of Jennifer Ondon Schooler

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 2
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

(hereinafter "Schooler Dep.", 206:10-19. As a result of Defendant Schooler's racially-charged comments, Scott felt unwelcome and distraught. *Id.* at ¶ 11.

In addition to racist and derogatory comments, Defendant Schooler also made unwelcome and unsolicited comments about Scott's sexual orientation and marital status. Scott, a female, identifies as gay/lesbian/homosexual. While Scott was on TESC's Women's Basketball Team, she had a female partner and referred to her as her wife. *Id.* at ¶ 12. Defendant Schooler asked on multiple occasions in a harassing and sarcastic manner in front of other team members, "Scott, is she *really* your wife, like *legally* your wife?" *Id.* at ¶ 13.

On more than one occasion, Defendant Schooler commented about Scott's t-shirt from a Portland Gay Pride event during basketball practice such as "Scott, you and that f*cking shirt again?!"; "Can you not wear something like that?!"; and "Do you have to wear something that says who you are?!" Defendant Schooler then forced Scott to wear the shirt inside-out. Defendant Schooler even commented that Scott "had the confidence to wear a shirt like that in public." *Id.* at ¶ 14. Defendant Schooler's constant berating and harassment of Scott caused her severe mental and emotional distress. *Id.* at ¶ 15. Defendant Schooler treated Scott differently than the other team members because of Scott's race and sexual orientation. *Id.* at ¶ 16.

Plaintiff Scott reported these incidents to Defendant TESC. She first reported Defendant Schooler's comments and behavior in December 2014 or January 2015 to Monica Heuer, the immediate preceding Head Coach who became the Assistant Director of Student Services and Assistant Director of Athletics/ Associate Director of Intercollegiate Athletics. *Id.* at ¶¶ 17-18. Heuer told Scott that she should not let the "small things affect" her, that she

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 3
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

should focus on basketball, and that because she was a transfer/new student, she just needed to "figure out a way to communicate" with Defendant Schooler.  *Id.* at ¶ 19.

In or around mid-May of 2015, Defendant Schooler terminated Scott from the Women's Basketball Team.  Defendant Schooler told Scott that "the team was heading in a different direction" and that she did not want Scott to be part of the team.  *Id.* at ¶ 20; Schooler Dep., 231:12-14.  She also instructed the team members to not communicate with Scott.  Schooler Dep., 220:14-21.

In February 2016, Scott lodged a formal complaint against Defendant Schooler with TESC'S Affirmative Action & Equal Opportunity ("AA/EO") Office, which is overseen by TESC's Human Resources Services Department.  Scott Decl., ¶ 21.  Ms. Lorie H. Mastin, AA/EO Officer, conducted an investigation into Scott's complaints.  Mastin investigated claims of discrimination on the basis of race and sexual orientation.  Mastin's investigation found that as to the allegation of discrimination based on race, Defendant Schooler more likely than not violated TESC's non-discrimination policy.  Ms. Mastin also investigated Scott's complaints of a hostile, intimidating, and offensive learning environment.  *Id.* at ¶¶ 22-24.  Mastin's investigation found that as to the allegation of harassment, Defendant Schooler more likely than not violated TESC's non-discrimination policy.  Scott Decl., ¶ 25, Exh. A.

**B.    Defense Counsel's Refusal to Strike Affirmative Defenses**

On October 13, 2017, Plaintiff Scott filed her Complaint.  Dkt. #1.  On November 8, 2017, Defendant TESC filed its Answer and Jury Demand asserting several affirmative defenses.  Dkt. #11.  On November 20, 2017, Defendant Jennifer Schooler filed her Answer and Jury Demand, also asserting several affirmative defenses.  Dkt. #12.

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 4
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

On November 14 and 15, 2018, Scott, through counsel, took the deposition of TESC's 30(b)(6) representatives. Declaration of Ada K. Wong (hereinafter Wong Decl."), ¶ 6. On the morning of the CR 30(b)(6) deposition, defense counsel, Mr. El Shon Richmond, stated for *the first time* that Defendants are not designating a representative to testify regarding some of the topics, including the facts supporting Defendants' affirmative defenses (despite Plaintiff's Notice of Deposition being served almost 4.5 months prior). *Id.* at ¶ 7. On November 15, 2018, during a break in the middle of the deposition, counsel engaged in a 10-minute conversation regarding this newly raised issue. *Id.* at ¶ 8. Richmond disagreed that it constituted a Rule 26(i)/Fed. R. Civ. P. 37(a)(1) conference, and thus, one was scheduled for November 20, 2018. *Id.* Based on Richmond's statement to Wong on November 15, 2018 that there is no one at TESC to testify to the facts supporting the various affirmative defenses without waiving work product or attorney-client privilege, on Monday, November 19, 2018, Wong e-mailed Richmond asking if Defendants were willing to strike any of their affirmative defenses, including, specifically, personal and subject matter jurisdiction, statute of limitations, waiver, estoppel, and failure to exhaust administrative remedies. *Id.* at ¶¶ 9-10.

On November 20, 2018, counsel engaged in a Fed. R. Civ. P. 37(a)(1) conference regarding Defendants' affirmative defenses (amongst other issues). Richmond stated that he will not be striking any affirmative defenses and he may "use them at summary judgment" and wanted to "reserve all affirmative defenses that may be developed down the line." He did state that he would check with his co-counsel regarding the non-party affirmative defense and let Wong know whether he was willing to strike that defense or name who the alleged at-fault non-party is by November 21, 2018. To date, Defendants have not stricken this defense or identified said non-party. *Id.* at ¶¶ 11-14.

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 5**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

The same day, via e-mail, Richmond confirmed Defendants' position that there is no one at TESC who has knowledge and/or can testify to the facts as outlined in Scott's Notice of Deposition of CR 30(b)(6) Representative regarding affirmative defenses besides himself and that he would not designate anyone to speak to the facts supporting the affirmative defenses. *Id.* at ¶ 10.

Given Defendants' refusal to strike any affirmative defenses, accompanying refusal to provide a representative to testify regarding any of their affirmative defenses, and defense counsel's affirmation that there is no one besides himself that has any knowledge regarding the affirmative defenses – and he, as counsel, is not allowed to testify in trial – the instant Motion shortly follows.

### III.   ISSUE PRESENTED

1.     Whether the Court should strike the following affirmative defenses when Defendants have not provided any factual evidence or legal basis to support each defense:

| Defense | TESC Defense No. | Schooler Defense No. |
|---|---|---|
| Failure to State a Claim | 3.1 | 2 |
| Subject Matter Jurisdiction | 3.2 | 1 |
| Personal Jurisdiction | 3.3 | |
| Compliance with RCW 4.92.100 and RCW 4.92.110 | 3.4 | |
| Statute of limitations | 3.5 | |
| Waiver and/or Estoppel | 3.6 | |
| Exhaustion | 3.7 | |
| Qualified Immunity | 3.8 | 5 |

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 6
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

| | | |
|---|---|---|
| Vicarious Liability | 3.9 | |
| Sovereign Immunity | 3.10 | |
| Comparative Fault | 3.12 | 3 (citing RCW 4.22.015) |
| Extreme or Outrageous Conduct | 3.13 | |
| Causation | 3.14 | |
| Mitigation of Damages | 3.15 | 10 |
| Individual Immunity | | 4 |
| Reasonable Exercise of Judgment and Discretion by Authorized Public Officials Made in the Exercise of Governmental Authority | | 6 |
| Immunity Based on Good Faith Performance of Duties | | 7 |
| Legitimate, Non-discriminatory Reasons | | 8 |
| Non-party at Fault | | 9 |

## IV.     EVIDENCE RELIED UPON

In support of this Motion, Plaintiff ShaMarica D. Scott relies upon the following:

1.      The Declaration of Ada K. Wong and the attachments thereto;

2.      The Declaration of ShaMarica D. Scott and the attachments thereto; and

3.      The files and pleadings herein.

## V.     AUTHORITY AND ARGUMENT

### A.     Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(d), a plaintiff may seek partial summary judgment as to certain affirmative defenses raised by defendants. *Mullaney v. Hilton Hotels Corp.*, 634 F. Supp. 2d 1130, 1161 (D. Haw. 2009) (citing 5C Charles Alan Wright & Arthur R.

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 7
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  Miller, *Federal Practice and Procedure*, (3d ed. 2004) § 1380, p. 321 (explaining that Fed. R.

2  Civ. P. 56(d) should be employed to grant partial summary judgment on affirmative defenses)).

3      Summary judgment is appropriate "if the pleadings, depositions, answers to

4  interrogatories, and admissions on file, together with the affidavits, if any, show that there is

5  no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

6  of law." Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable

7  to the non-moving party. *Tzung v. State Farm Fire & Casualty Co.,* 873 F.2d 1338, 1339-40

8  (9th Cir. 1989). To meet "its burden of production, the moving party must either produce

9  evidence negating an essential element of the nonmoving party's claim or defense or show that

10  the nonmoving party does not have enough evidence of an essential element to carry its

11  ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d

12  1099, 1102 (9th Cir. 2000) (citing *High Tech Gays v. Defense Indus. Sec. Clearance Office*,

13  895 F.2d 563, 574 (9th Cir. 1990). Once the "moving party carries its burden of production,

14  the nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103 (citing

15  *High Tech Gays*, 895 F.2d at 574). If the "nonmoving party fails to produce enough evidence

16  to create a genuine issue of material fact, the moving party wins the motion for summary

17  judgment." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322).

18  **B.**    **This Court Should Strike Defendants' Affirmative Defenses**

19      Summary judgment is appropriate because Defendants have failed to produce evidence

20  sufficient to create a genuine issue of material fact regarding each affirmative defense.

21      **1.**    **Failure to State a Claim**

22      Defendants each state as an affirmative defense that Plaintiffs failed to state a claim

23  upon which relief may be granted. Fed. R. Civ. P. 8(a)(2) requires that each claim in a pleading

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 8**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief. . ."  To satisfy Rule 8(a)(2), a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face. . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and internal quotation marks omitted).

> A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully."  In keeping with *Twombly*, the Supreme Court held in *Iqbal* that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Twombly*, 550 U.S at 678) (citations omitted).

Here, Scott has alleged the essential elements of each cause of action.  Furthermore, as Defendants have failed to identify which of Scott's claims have not been properly stated and how, it is this affirmative defense – not Scott's cause of action – that falls far short of the applicable pleading standard.  As such, both Defendants' affirmative defense of failure to state a claim should be stricken.

### 2.    Subject Matter Jurisdiction

Defendants each state as an affirmative defense that Scott's claims lack subject matter jurisdiction.  Pursuant to U.S.C. § 1331, federal district courts have jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.  Pursuant to 28 U.S.C. § 1343, federal district courts have original jurisdiction over (a) any civil action

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 9
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    authorized by law to be brought by any person to redress the deprivation, under color of any

2    state law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity

3    secured by the Constitution of the United States or by any Act of Congress providing for equal

4    rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil

5    action to recover damages or to secure equitable relief under any Act of Congress providing

6    for the protection of the civil rights.  Under 28 U.S.C. § 1367, a federal district court has

7    supplemental jurisdiction over state law claims that are so closely related to federal law claims

8    as to form the same case or controversy under Article III of the U.S. Constitution.

9         Here, the Court has subject matter jurisdiction over each of Scott's claims.  Scott

10   brought the underlying action primarily to redress a hostile educational environment pursuant

11   to Title VI of the Civil Rights Act of 1964, § 601, 42. U.S.C. § 2000(d) *et. seq.*, and Title IX

12   of the Education Amendments of 1972, 20 U.S.C. § 1681(a).  The Court therefore has subject

13   matter over these claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  This Court has

14   supplemental jurisdiction over Scott's state law claims under 28 U.S.C. § 1367 because each

15   state cause of action arises under such similar facts and circumstances – the harassment Scott

16   suffered as a member of TESC's Women's Basketball Team – that they can be said to form

17   the same case or controversy.  Though this Court has clear subject matter jurisdiction over

18   Scott's federal causes of action and supplemental jurisdiction over her state causes of action,

19   Defendants refused Scott's specific request to voluntarily strike jurisdiction as an affirmative

20   defense. As such, both Defendants' affirmative defense of failure of subject matter jurisdiction

21   should be stricken.

22   **3.     Personal Jurisdiction**

23        Defendant TESC pleads "[f]ailure of personal jurisdiction" as an affirmative defense.

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 10
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

"[A] federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting Fed. R. Civ. P. 4(k)(1)(A)).

Congress has unambiguously abrogated state sovereign immunity for claims brought under Title IX and Title VI as part of the Rehabilitation Act Amendments of 1986, Pub. L. No. 99-506, Tit. X, § 1003, 100 Stat. 1845 (1986):

> (1) A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

> (2) In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State.

42 U.S.C. § 2000d-7; *see also Lane v. Pena*, 518 U.S. 187, 198 (1996) (indicating that Congress intended to abrogate the States' Eleventh Amendment immunity for purposes of Title IX).

A state may waive its sovereign immunity. A "State's freedom from suit without its consent does not protect it from a suit to which it has consented." *Parden v. Terminal R. Co. of Ala. Docks Dept.*, 377 U.S. 184, 186 (1964); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 65 (1996) (affirming "the States may waive their sovereign immunity"). "The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 11
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

corporation." RCW 4.92.090. This express waiver of sovereign immunity "makes the State presumptively liable for its alleged tortious conduct 'in all instances in which the Legislature has *not* indicated otherwise.'" *Oda v. State*, 111 Wn. App. 79, 82 (2002) (quoting *Savage v. State*, 127 Wn.2d 434, 445 (1995)) (emphasis in original).

Here, the Court has personal jurisdiction over Defendant TESC, a Washington state college. Defendant TESC geographically resides within Washington state, and can and has been served in this matter in accordance with Fed. R. Civ. P. 4(k)(1)(A). As sovereign immunity is abrogated as to Defendant Scott's Title VI and Title IX claims, this Court has personal jurisdiction over TESC for these claims. Under the broad waiver of sovereign immunity expressed in RCW 4.92.090, Defendant TESC cannot defeat personal jurisdiction as to Scott's state law claims. Nonetheless, Defendants refused Scott's specific request to voluntarily strike jurisdiction as an affirmative defense. As such, Defendant TESC's affirmative defense of failure of personal jurisdiction should be stricken.

**4. Compliance with RCW 4.92.100 and RCW 4.92.110**

Defendant TESC states as an affirmative defense that Scott did not comply with RCW 4.92.100 and RCW 4.92.110. RCW 4.92.100 states that "[a]ll claims against the state. . . for damages arising out of tortious conduct, must be presented to the office of risk management." RCW 4.92.110 requires that a claim subject to RCW 4.92.100 cannot be brought "until sixty calendar days have elapsed after the claim is presented to the office of risk management in the department of enterprise services."

Here, Scott has complied with RCW 4.92.100 and RCW 4.92.110. On or about June 12, 2017, Scott filed her tort claim. Wong Decl., ¶ 2. More than 60 days have elapsed since service of Scott's tort claim, to which she never received a substantive response. *Id.* at ¶ 4.

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 12**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Plaintiffs filed their initial Complaint in this matter on October 13, 2017. Dkt. #1. Therefore,

2    Plaintiff Scott met the statutory requirements of RCW 4.92.100 and RCW 4.92.110 to proceed

3    with the filing of this lawsuit, and this affirmative defense should be stricken.

4           **5.     Statute of Limitations**

5           Defendant TESC states as an affirmative defense that Scott's "claims may be barred by

6    the applicable statutes of limitations." While "[n]either Title VI nor Title IX provide a

7    limitations period expressly pertaining to judicial proceedings," courts apply "state personal

8    injury limitations periods to Title IX and Title VI claims." *Lillard v. Shelby County Bd. of*

9    *Educ.*, 76 F.3d 716, 728-29 (1996); *see also Johnson v. Railway Express Agency, Inc.*, 421

10   U.S. 454, 462 (1975) (holding the controlling period would ordinarily be the most appropriate

11   one provided by state law when there is no specifically stated or otherwise relevant federal

12   statute of limitations for a cause of action). Pursuant to RCW 4.16.080(2), there is a "general

13   three-year statute of limitations for personal injury actions" in Washington. *Antonius v. King*

14   *County*, 153 Wn.2d 256, 261-62 (2004).

15          Here, Scott brought each of her causes of action within the applicable three-year statute

16   of limitations. Scott was harassed during the 2014–2015 school year, and Defendant Schooler

17   terminated Scott from TESC Women's Basketball Team in or around mid-May of 2015. The

18   Complaint in this matter was filed on October 13, 2017. The three-year statute of limitations

19   applies to each of Scott's causes of action, including her Title IX claim, her Title IX claim, and

20   her state causes of action. Scott clearly filed the initial complaint within this period, but

21   Defendant TESC refused Scott's specific request to voluntarily strike statute of limitations as

22   an affirmative defense. As such, Defendant TESC's statute of limitations affirmative defense

23   should be stricken.

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 13**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**6.     Waiver and Estoppel**

Defendant TESC states as an affirmative defense that Scott's "claims may be barred by waiver and/or estoppel."  The defenses of waiver and estoppel are summarized as follows:

> A waiver is the intentional and voluntary relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right. It is a voluntary act which implies a choice, by the party, to dispense with something of value or to forgo some advantage.  The one claimed to have waived a right must intend to relinquish such right, advantage or benefit and his actions must be inconsistent with any other intention than to waive them.

*Public Util. Dist. No. 1 of Lewis Cty. v. Washington Public Power Supply Sys.*, 104 Wn.2d 353, 365 (1985) (citing *Bowman v. Webster*, 44 Wn.2d 667, 669 (1954)).

> Equitable estoppel is defined as requiring three elements: (1) an admission, statement, or act inconsistent with the claim afterward asserted; (2) action by the other party on the faith of such admission, statement, or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement, or act.  In order to create an estoppel, it is necessary that the party claiming to have been influenced by the conduct or declarations of another was either destitute of knowledge of the true facts or without means of acquiring such facts.

*Id.* at 365.

Here, there is no evidence that Scott has waived any right or is subject to estoppel. Defendant TESC has not specified at any point what right Scott may have supposedly waived or to what actions estoppel might apply, has refused to produce a 30(b)(6) deponent to testify to this affirmative defense, and admits no witness with such knowledge exists.  Despite there being no factual basis to support the affirmative defenses of waiver and estoppel, Defendant TESC refused Scott's specific request to voluntarily strike these defenses.  These defenses are both speculative at best and should be stricken.

**7.     Exhaustion of Administrative Remedies**

Defendant TESC states as an affirmative defense that Scott "may have failed to exhaust

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 14**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

administrative remedies." RCW 4.92.100 and RCW 4.92.110 require that claims against the state may only be brought sixty days after they are presented to the office of risk management. A plaintiff is not required to exhaust administrative remedies prior to bringing a private claim for damages under Title VI or Title IX. *See Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 255 (2009) ("Title IX has no administrative exhaustion requirement. . . Plaintiffs can file directly in court under its implied private right of action and can obtain the full range of remedies."); *Cannon v. Univ. of Chicago*, 441 U.S. 677, 706-07 n.41 (1979) ("[W]e are not persuaded that individual suits are inappropriate in advance of exhaustion of administrative remedies.").

Here, Scott has complied with RCW 4.92.100 and RCW 4.92.110, and there is no administrative exhaustion requirement for her Title VI and Title IX claims. Despite Scott's clear compliance with all administrative exhaustion requirements, Defendant TESC refused Scott's specific request to voluntarily strike exhaustion as an affirmative defense. Defendant TESC's affirmative defense of failure to exhaust administrative remedies should be stricken.

## 8. Qualified Immunity

Defendants each assert qualified immunity as an affirmative defense. "Congress validly abrogated the states' immunity from Title IX suits." *Williams v. Bd. of Regents of Univ. System of Ga.*, 477 F. 3d 1282, 1301 (11th Cir.) (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 284 (1998). The same abrogation of immunity applies to Title VI suits. *See* 42 U.S.C. § 2000d-7.

Here, neither Defendant may assert qualified immunity. TESC cannot assert qualified immunity as a defense to Scott's Title VI and Title IX claims, as immunity has been abrogated for these claims. Regarding Scott's state law claims against Defendant TESC, TESC has

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 15
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

waived immunity pursuant to RCW 4.92.090.   Defendant Schooler cannot assert qualified

immunity to any of Scott's claims brought against her.  She is not a defendant to Scott's Title

VI and Title IX claims, and can claim no immunity from the state law claims to which she is

not a defendant.  As such, Defendants' qualified immunity defense of should be stricken.

### 9.    Vicarious Liability

Defendant TESC pleads as an affirmative defense that it "is not subject to vicarious

liability."  "Vicarious liability, otherwise known as the doctrine of *respondeat superior*,

imposes liability on an employer for the torts of an employee who is acting on the employer's

behalf." *Niece v. Elmview Group Home*, 131 Wn.2d 39, 48 (1997); *see also Robel v. Roundup

Corp.*, 148 Wn.2d 35, 41-43 (2002) (holding employer vicariously liable for employee's

intentional tort of outrage).  "The State, as an employer, is liable for its employees' negligence

to the same extent that a private employer would be. . ." *Rahman v. State,* 170 Wn.2d 810, 824

(2011) (citing RCW 4.92.090).

Here, Defendant TESC is vicariously liable for the intentional torts and negligence

committed by Defendant Schooler under the doctrine of *respondeat superior*.  Defendant

TESC was Defendant Schooler's employer at the time Schooler committed torts against Scott.

Defendant Schooler was acting on Defendant TESC's behalf through various positions with

the Women's Basketball Team, including Head Coach during the 2014-2015 basketball season

when Scott on the team.  Defendant TESC is therefore vicariously liable for Defendant

Schooler's torts, and this affirmative defense should be stricken.

### 10.    Sovereign Immunity

Defendant TESC asserts it "is immune from suit under the Eleventh Amendment of the

Constitution of the United States and principles of sovereign immunity."  As discussed *supra*,

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 16
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

42 U.S.C. § 2000d-7 unambiguously abrogates state sovereign immunity for claims brought under Title VI and Title IX. In addition, the State is "liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation." RCW 4.92.090.

Here, Defendant TESC may not assert state sovereign immunity under the Eleventh Amendment as a defense against any of Scott's claims. Sovereign immunity is abrogated as to Scott's Title VI and Title IX claims pursuant to 42 U.S.C. § 2000d-7 (and waived pursuant to RCW 4.92.090). Sovereign immunity has been waived as to Scott's state law claims pursuant to RCW 4.92.090. As such, Defendant TESC's affirmative defense of Eleventh Amendment sovereign immunity should be stricken.

## 11. Comparative Fault

Defendants each assert the doctrine of comparative fault as an affirmative defense. Defendant Schooler states the "damages and/or injuries, if any, claimed by Plaintiff[] [Scott] were proximately caused or contributed to by the fault of Plaintiff[] [Scott] as defined by RCW 4.22.015." Citing no authority, Defendant TESC states Scott's "injuries, if any, were a proximate result of their own actions thereby reducing any award or judgment against Defendant." Washington has codified the doctrine of comparative fault as follows:

> In an action based on fault seeking to recover damages for injury or death to person or harm to property, any contributory fault chargeable to the claimant diminishes proportionately the amount awarded as compensatory damages for an injury attributable to the claimant's contributory fault, but does not bar recovery. This rule applies whether or not under prior law the claimant's contributory fault constituted a defense or was disregarded under applicable legal doctrines, such as last clear chance.

RCW 4.22.005.

"Fault" includes acts or omissions, including misuse of a product, that are in any

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 17
Case No. 3:17-cv-05823-BHS

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

measure negligent or reckless toward the person or property of the actor or others, or that subject a person to strict tort liability or liability on a product liability claim. The term also includes breach of warranty, unreasonable assumption of risk, and unreasonable failure to avoid an injury or to mitigate damages. Legal requirements of causal relation apply both to fault as the basis for liability and to contributory fault.

A comparison of fault for any purpose under RCW 4.22.005 through 4.22.060 shall involve consideration of both the nature of the conduct of the parties to the action and the extent of the causal relation between such conduct and the damages.

RCW 4.22.015. "'Fault,' under chapter 4.22 RCW, does not include intentional acts or omissions." *Tegman v. Accident & Medical Investigations*, 150 Wn.2d 102, 109 (2003).

Here, Defendants have no evidence to support their bare accusations that Scott was negligent or otherwise at fault, and, thus, there is no genuine issue of fact. No authority supports the proposition that comparative fault applies to a Title VI claim, a Title IX claim, or any intentional tort. Scott was a member of TESC's Women's Basketball Team coached by Defendant Schooler, and never acted negligently. *See* Scott Decl., ¶ 26. Defendants have repeatedly refused to designate a 30(b)(6) representative to testify otherwise and even admit that no such witness with knowledge of its affirmative defenses exists. Defendants have no factual evidence, but rather the mere accusation that Scott was somehow responsible for her own injuries. Absent any factual evidence, both Defendants' affirmative defense of comparative fault should be stricken.

## 12. Extreme or Outrageous Conduct

Defendant TESC states as an affirmative defense that its "conduct was neither extreme nor outrageous." "The tort of outrage requires the plaintiff to show: (1) extreme or outrageous conduct by the defendant; (2) that the conduct was intentional or reckless; and (3) that the plaintiff actually suffered severe emotional distress as a result." *Robel v. Roundup Corp.*, 148

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 18
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Wn.2d 35, 41 (2002) (citing *Dicomes v. State*, 113 Wn.2d 612, 630 (1989). The extreme or outrageous conduct element "goes to the jury only after the court 'determine[s] if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability.'" *Id.* (citing *Dicomes*, 113 Wn.2d at 630).

Here, reasonable minds could differ on whether Defendant Schooler's conduct was sufficiently extreme to result in liability. Defendant Schooler subjected Scott to race and sexual orientation discrimination, epithets, intimidation, and public humiliation perpetrated on a regular basis throughout the 2014-2015 basketball season. Defendant Schooler repeatedly used the term "ghetto," and commented on Scott's sexuality and partner in a harassing and sarcastic manner. Defendant Schooler harassed Scott regarding Scott's reference to her female partner as her wife, stating "Scott, is she really your wife, like legally your wife?!" Defendant Schooler even stated before forcing Scott to turn her t-shirt from a Portland Gay Pride inside-out: "Scott, you and that f*cking shirt again?!"; "Can you not wear something like that?!"; and "Do you have to wear something that says who you are?!" Reasonable minds could find Defendant Schooler's conduct – including her outburst combining profanity, derogatory sentiment about Scott's gay pride t-shirt, and forcing her to turn her t-shirt inside-out – was extreme and outrageous and, the determination should be made by a jury. As such, Defendant TESC's defense that its conduct was neither extreme nor outrageous should be stricken.

### 13.    Causation

Defendant TESC states as an affirmative defense that it "did not cause Plaintiff[] [Scott's] claimed damages," and has failed to produce any evidence that supports this defense.

In the tort of negligence, "proximate cause in Washington entails the two elements of cause in fact and legal causation." *Christen v. Lee*, 113 Wn.2d 479, 507 (1989). Cause in fact

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 19**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

refers to "the 'but for' consequences of an act—the physical connection between an act and an injury." *Baughn v. Honda Motor Co., Ltd.,* 107 Wn.2d 127, 142 (1986). Legal cause is grounded in policy determinations as to how far the consequences of a defendant's acts should extend." *Schooley v. Pinch's Deli Market, Inc.*, 134 Wn.2d 468, 478-79 (1998). Legal causation focuses on "whether, as a matter of policy, the connection between the ultimate result and the act of the defendant is too remote or insubstantial to impose liability." *Id.* When "the facts are not in dispute, legal causation is for the court to decide as a matter of law." *Id.*

Here, Defendants have no evidence that causation is lacking and fail to identify to which cause(s) of action this defense supposedly applies. Defendants declined to provide a 30(b)(6) deponent to testify as to causation and admit that no such witness with knowledge of this affirmative defense exists. It is undisputed that Defendant Schooler directed the term "ghetto" and referenced "ghetto players" at Scott. Schooler Dep., 20:6-21:5. She also made comments including "Scott, is she really your wife, like legally your wife?" and "Scott, you and that f*cking shirt again?! Can you not wear something like that! Do you have to wear something that says who you are?!" Scott Decl., ¶ 14. TESC's AA/EO Officer Mastin conducted an investigation in response to Scott's complaint of discrimination on the basis of race and sexual orientation and found that as to Scott's allegations of discrimination based on race and a hostile, intimidating, and offensive learning environment, Defendant Schooler more likely than not violated TESC's non-discrimination policy. Scott Decl., ¶¶ 21-25, Ex. A. But for Defendant Schooler's constant berating and harassment, Scott would not have suffered severe mental and emotional distress. She also terminated Scott from the Women's Basketball Team in 2015. *Id.* at ¶ 20; Schooler Dep., 230:9-21. The Court can and should hold as a matter of policy that the connection between Defendant Schooler's actions and Scott's damages is

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 20
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

substantial enough to impose liability.  Furthermore, Defendant TESC is vicariously liable for Defendant Schooler's torts.  *See Rahman v. State,* 170 Wn.2d. at 818-19; 24.  Thus, Defendant TESC's causation affirmative defense should be stricken.

### 14.    Mitigation of Damages

Defendants claim that Scott failed to mitigate her damages as an affirmative defense, but have no evidence of any failure to mitigate damages.  The defendant bears the burden of proof when asserting an unreasonable failure to mitigate.  *Cox v. Keg Restr. U.S., Inc.*, 86 Wn. App. 239, 244-46 (1997) (rejecting the defendant's assertion that the plaintiff failed to mitigate his damages by failing to have a shunt removed from his brain to alleviate headaches, failing to take antidepressants and start physical therapy, delaying in consulting with a speech therapist, failing to seek psychotherapy, and failing to return to work).  A defendant may not ask the jury to speculate.  *See McLaughlin v. Cooke*, 112 Wn.2d 829, 837 (1989) (holding a trial verdict cannot be supported where "the jury must resort to speculation or conjecture").

Here, Defendants have produced no evidence to support the baseless claim that Scott has failed to mitigate her damages.  Scott acted reasonably at all times, including the mitigation of her damages.  Scott Decl., ¶ 26.  Defendants have no evidence to meet their burden of demonstrating failure to mitigate damages, have refused to produce a witness to testify that Scott has failed to mitigate her damages, and admit no such witness exists.  As such, this affirmative defense should be stricken.

### 15.    Individual Immunity

Defendant Schooler states as an affirmative defense that she "is immune from suit for the claims in Plaintiffs' Complaint," but cites no authority for this affirmative defense and fails to name any source of the supposed immunity.  There is no applicable immunity for Defendant

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 21**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Schooler for any of Scott's causes of action in which she is named as a defendant. Defendant

Schooler's affirmative defense that she is immune from suit should be stricken.

### 16.     Reasonable Exercise of Judgment and Discretion

Defendant Schooler states as an affirmative defense that "[a]ll actions of Defendant

Schooler manifest a reasonable exercise of judgment and discretion by authorized public

officials made in the exercise of governmental authority entrusted to them by law and are

neither tortious nor actionable." Defendant Schooler cites no authority for this affirmative

defense, and fails to identify any specific claim to which it supposedly applies. Defendant

Schooler is not entitled to qualified immunity or any other form of immunity based on her

"reasonable exercise of judgment and discretion" regarding Scott's state law claims against

her. As such, this affirmative defense should be stricken.

### 17.     Immunity Based on Good Faith Performance of Duties

Defendant Schooler pleads as an affirmative defense that she "at all times acted in good

faith in the performance of her duties and is therefore immune from suit for the matter charged

in Plaintiff[] [Scott's] Complaint." Defendant Schooler cites no authority for this affirmative

defense and fails to clarify for which specific causes of action she is supposedly immune from

suit. Defendant Schooler is not entitled to qualified immunity or any other form of immunity

regarding Scott's state law claims against her, and this affirmative defense should be stricken.

### 18.     Legitimate, Non-discriminatory Reasons

Defendant Schooler asserts as an affirmative defense that "[t]here are legitimate, non-

discriminatory reasons, which are proper and legal, for [her] actions." Defendant Schooler

cites no authority for this vague and ambiguous affirmative defense. The standard for

Defendant Schooler's conduct regarding Scott's intentional infliction of emotional distress

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 22**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

claim is whether there was extreme or outrageous conduct by the defendant that was intentional or reckless. *Robel*, 148 Wn.2d at 41. For negligence causes of action, the standard is "failure to exercise ordinary care." WPI 10.01. "Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances." WPI 10.02.

Here, there is no basis in fact or law supporting Defendant Schooler's affirmative defense. Whether she had "legitimate, non-discriminatory reasons" for her actionable conduct is irrelevant to Scott's intentional infliction of emotional distress and negligent infliction of emotional distress causes of action to which she is a defendant. Furthermore, there is no evidence to support this affirmative defense. Because this affirmative defense is irrelevant as asserted and inapplicable to the causes of action to which Defendant Schooler is a defendant, in addition to there being no evidence to support it, this affirmative defense should be stricken.

### 19. Non-party at Fault

Finally, Defendant Schooler states as an affirmative defense that "[t]he damages and/or injuries, if any, were caused by the fault of a non-party who may become apparent during discovery for purposes of RCW 4.22.070(1)." RCW 4.22.070(1) provides "[i]n all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages except entities immune from liability to the claimant under Title 51 RCW."

Here, Defendant Schooler has not identified any non-party at fault in this matter and has no evidence to support this defense. On November 20, 2018, Plaintiff's counsel specifically requested defense counsel for information – a name – regarding this defense. To date, no non-party has been identified, despite Defendants having ample time and opportunity to obtain such information through discovery, including various depositions. Defense counsel also refused

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 23**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  to provide a 30(b)(6) witness to testify as to this defense and admits no witness with any such

2  knowledge exists.  As no evidence of a proper non-party defendant exists, this affirmative

3  defense should be stricken.

4  **VI.     CONCLUSION**

5       With this Motion for Partial Summary Judgment, Plaintiff Scott seeks to narrow the

6  issues for trial.  Plaintiff Scott respectfully requests this Court grant an order striking the

7  affirmative defenses in each of Defendant's Answers as outlined above.  Defendants have

8  failed to produce any evidence supporting any of the identified affirmative defenses.  As there

9  is neither evidentiary nor legal support for these identified affirmative defenses, Plaintiff Scott

10  respectfully requests that this Court strike each of them.

11  **VII.     PROPOSED ORDER**

12       A proposed order seeking the relief requested is attached.

13  **DATED** November 29, 2018.

14                                     **AKW LAW, P.C.**

15

16                                     _/s/ Ada K. Wong_
                                       Ada K. Wong, WSBA #45936
                                       Attorney for Plaintiff ShaMarica D. Scott
17                                     6100 219th St. SW, Suite 480
                                       Mountlake Terrace, WA 98043
18                                     Tel.: (206) 259-1259
                                       Fax: (855) 925-9529
19                                     E-mail: ada@akw-law.com

20

21

22

23

**PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 24**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**CERTIFICATE OF SERVICE**

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On November 29, 2018, I caused a copy of the foregoing **PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES** to be served on the parties listed below in the manner specified below:

| El Shon D. Richmond<br>Janay Ferguson<br>Suzanne LiaBraaten<br>ATTORNEY GENERAL OF WASHINGTON /<br>Torts Division<br>7141 Cleanwater Drive SW<br>P.O. Box 40126<br>Olympia, WA 98504<br>Elshonr@atg.wa.gov<br>JanayF@atg.wa.gov<br>stefanyl@atg.wa.gov<br>daniellew@atg.wa.gov<br>TOROlyEF@atg.wa.gov<br>maritzao@atg.wa.gov<br>*Attorneys for Defendants* | ☐ | VIA FACSIMILE |
| | ☐ | VIA FIRST CLASS U.S. MAIL |
| | ☐ | VIA MESSENGER/HAND DELIVERY |
| | ☒ | **VIA E-MAIL/E-FILE**<br>***Per 1/17/18 Stipulation***<br>***Regarding Electronic Service***<br>***Pursuant to Fed. R. Civ. P. 5*** |
| Linda A. Wilson<br>2504 17th Ave NW<br>Olympia, WA 98502<br>*Plaintiff* | ☐ | VIA FACSIMILE |
| | ☒ | **VIA FIRST CLASS U.S. MAIL** |
| | ☐ | VIA MESSENGER/HAND DELIVERY |
| | ☐ | VIA E-MAIL/E-FILE |

Dated this 29th day of November, 2018, at Mountlake Terrace, Washington.

/s/ Kaila A. Eckert_____
Kaila A. Eckert, Paralegal

PLAINTIFF SHAMARICA SCOTT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: AFFIRMATIVE DEFENSES - 25
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529