UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAMARICA D. SCOTT and LINDA A. WILSON, individually,

Plaintiffs,

v.

THE EVERGREEN STATE COLLEGE; JENNIFER SCHOOLER, and DOES I through X, inclusive, employees of The Evergreen State College,

Defendants.

Case No. 3:17-cv-05823-BHS

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL DISCOVERY RESPONSES**

**NOTE ON MOTION CALENDAR:**
Friday, December 21, 2018

Without Oral Argument

## I.     <u>RELIEF REQUESTED</u>

Pursuant to Fed. R. Civ. Proc. 37(a), Plaintiff ShaMarica Scott moves for an order compelling Defendants The Evergreen State College (hereinafter "TESC") and Jennifer Schooler, collectively "Defendants", to provide complete responses to Plaintiff's discovery requests.  Plaintiff Scott respectfully requests this Court to award attorney's fees and costs associated with Plaintiff Scott being forced to bring this motion after Defendants' delay tactics and failure to provide complete responses and responsive documents to date.

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL DISCOVERY RESPONSES - 1**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Defendants are well aware that trial is scheduled for February 26, 2019, and the discovery cutoff is December 21, 2018. Defendants have engaged in purposeful delay and unresponsive tactics, which has – and continues to – prejudice Plaintiff Scott in this litigation. Plaintiff Scott cannot simply sit around and wait for Defendants to finally decide when – and if – they will respond or produce the requested documents. As such, this Motion follows.

## II.    BRIEF RELEVANT BACKGROUND

### A.    Plaintiff's *First* Set of Discovery to Defendant TESC – and Defendant TESC's Supplemental Responses

On January 2, 2018, Plaintiff Scott served TESC with her first set of discovery requests. *See* Declaration of Ada K. Wong (hereinafter "Wong Decl."), ¶ 2. On January 25, 2018, Defendant TESC responded. *Id.* at ¶ 3. On November 2, 2018, Defendant TESC served supplemental objections and responses. *Id.* at ¶ 4. On November 7, 2018, Plaintiff's counsel, Mrs. Ada K. Wong, sent a letter via e-mail to Defendants' counsel, Mr. El Shon Richmond, regarding the issues she wanted to address. *Id.* at ¶ 5, Ex. D. On November 8, 2018, Richmond sent a letter via e-mail stating, in part that he has "reached out to the client to conduct a search using the terms that [we] provided to [him]. [He] will provide [us] with the responsive hits as soon as [he] is able to obtain those from [TESC]." *Id.* at ¶ 6. On December 3, 2018, after not receiving any responsive documents to Requests for Production ("RFP") Nos. 3, 14, and 15, Wong asked Richmond for a status update. *Id.* at ¶ 7. On December 5, 2018, Wong and Richmond spoke briefly about it and Richmond stated that he will have his client check. *Id.* at ¶ 8. On December 6, 2018, Richmond advised Wong during a lengthy meet and confer call that the search yielded too many items/hits. However, in discussing the issue further with Richmond, Wong realized that Defendant TESC did not conduct a proper search with the

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 2
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

narrowed search terms, which yielded too many items.  Wong pointed out that Defendant TESC should have searched for responsive documents to the specific RFPs, but Richmond stated that Defendant TESC did not look at what the actual RFP requested and just inputted those search terms.  Wong then asked why this was not brought up sooner, and Richmond stated that one month, given the Thanksgiving holiday (of 2 days), is not unreasonable at all. Counsel disagreed and Wong stated she believes this was a purposeful delay.  Richmond stated that he will have Defendant TESC search again after our discussion, but could not promise when TESC will produce the responsive documents.  Wong then pointed out the looming deadlines and trial date. *Id.* at ¶ 9.

**B.     Plaintiff's *Third* Set of Discovery to Defendant TESC and Plaintiff's *Second* Set of Discovery to Defendant Jennifer Schooler**

On October 24, 2018, Plaintiff Scott served Defendant TESC with a third set of discovery requests, and served Schooler with a second set of discovery requests.  *See* Wong Decl., ¶ 10.  On November 26, 2018, Richmond called Wong and requested an extension for both responses as he had been preoccupied with other cases and drafting Defendants' motion for summary judgment in this matter.  *Id.* at ¶ 11.  Wong asked how long of an extension Richmond was seeking, to which he responded he would like until Friday, November 30, 2018. Wong stated that she was willing to extend the deadline for Defendants' objections to November 27, 2018 so she could review it in the meantime since Richmond stated that he will only have a few objections.  *Id.* at ¶ 12.  Because Wong was worried that she may not receive Defendants' responses by November 30, 2018, despite Richmond's promise, she scheduled a meet and confer call for the afternoon of Friday, November 30, 2018.  Richmond also agreed to produce all responses and responsive documents by the morning of November 30, 2018, so

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 3
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Wong agreed to extend the professional courtesy. Wong also stated that she needed the responses and documents no later than that day because she needed time to review the documents and potentially confer with Richmond prior to the depositions of two key lay witnesses scheduled for Monday, December 10, 2018. Counsel were in agreement. *Id.* at ¶ 13.

Unfortunately, Richmond did not produce any responsive documents or responses as promised by November 30, 2018. *Id.* at ¶ 14. During a 2.5 hour meet and confer call on November 30, 2018, Richmond (for the *first* time), stated that he was *thinking* about filing a motion for a protective order, but he had not decided. Wong asked Richmond when he would make said decision, and Richmond said *possibly* on Tuesday, December 4, 2018, but no guarantees. Wong explained that Plaintiff Scott could not be expected to sit in limbo, especially with two upcoming depositions, discovery cutoff, cross summary judgment motions, and trial. Despite Wong asking for a firm date for Richmond to make a decision, he refused to provide one. During this lengthy call, counsel also came to agreement on the scope of many of the discovery requests, but Richmond would not affirmatively state whether – despite his agreement to the requests – he would produce the documents and provide responses. *Id.* at ¶ 15.

Richmond also confirmed that he would provide Wong an update as to whether he made his decision on whether to produce the responses and responsive documents or file a protective order by close of business on Tuesday, December 4, 2018. *Id.* at ¶ 16. On December 5, 2018, Richmond stated that he does not intend to file a motion for a protective order at this time, but reserves his right to do so later. He also stated that he *hoped* to provide the responsive documents and responses that day, if not early on December 6, 2018. *Id.* at ¶ 17.

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL**
**DISCOVERY RESPONSES - 4**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

On December 6, 2018, counsel engaged in another meet and confer conference that lasted approximately 1 hour and 20 minutes, wherein Richmond stated he was still working on the responses and reviewing some responsive documents. Richmond stated that he *intended* to provide the responses and documents by close of business on December 6, 2018, but it would unlikely be all of the responsive documents as agreed upon. Wong stated that she will need to file a motion to compel out of an abundance of caution in the event that she did not receive the complete responses and documents for all the above-described discovery propounded. Richmond stated that he understood. *Id.* at ¶ 18.

Attached as Exhibit B to the Declaration of Ada K. Wong are the outstanding discovery requests Plaintiff Scott seeks to compel.

### III.    ISSUE PRESENTED

1.    Whether the Court should issue an order compelling Defendants to provide complete responses and documents to Plaintiff's discovery request in full compliance with Fed. R. Civ. Proc. 33 and 34.

2.    Whether this Court should award reasonable attorneys fees to Plaintiff Scott for being forced to bring this Motion.

### IV.    EVIDENCE RELIED UPON

In support of this Motion, Plaintiff Scott relies upon the following:

1.    The Declaration of Ada K. Wong and the attachments thereto; and

2.    The files and pleadings herein.

### V.    AUTHORITY AND ARGUMENT

**A.    Motion to Compel Standard**

Parties are required to produce documents that are in their "possession, custody or

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 5
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

control." Fed. R. Civ. P. 34(a)(1); *see also* Fed. R. Civ. Proc. 26(b)(1) ("[u]nless otherwise limited by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . ."). "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, under Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence. *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26, Advisory Committee's Note (1983).

If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010); *accord Williams v. Alcala, Dist. Court*, No. 1:17-cv-00916-DAD-SAB (PC) at ¶12 (E.D. Cal. Aug. 31, 2018)

Where a party does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL DISCOVERY RESPONSES - 6**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks v. Parsons*, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, at * 4 (E.D. Cal. Sept. 18, 2009) (citing *A. Farber & Partners Inc.*, 234 F.R.D. at 190).

The responding party has the burden of justifying its objections or failure to provide complete answers to the interrogatories or requests for production. *See, e.g., Lauer v. Longevity Med. Clinic PLLC*, No. C13-0860-JCC, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014); *Gilson v. Evergreen at Talbot Rd. L.L.C.*, No. C04-02126C, 2005 WL 3841864, at *2 (W.D. Wash. Nov. 1, 2005). Boilerplate objections to requests are inadequate to preclude production. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005). Any limitations on discovery in civil rights cases are to be narrowly construed in light of the "important federal interests in broad discovery and truth-seeking and in the interests in vindicating important federal substantive policy." *King v. Conde*, 121 F.R.D. 190, 187 (E.D.N.Y. 1988).

Where a party fails to respond to discovery as provided in the rules, the propounding party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B).[1] A failure to provide complete responses to discovery request is deemed the same as a failure to respond. Fed. R. Civ. P. 37(a)(4).

---

[1] Fed. R. Civ. Proc. 27(a)(3)(A)-(B) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer in interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 7
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**B. Defendants are Required to Provide Complete Responses and Responsive Documents**

Here, Defendants have not produced documents responsive to Plaintiff Scott's discovery requests, despite defense counsel's repeated promises. Plaintiff Scott has complied with Fed. R. Civ. 37(a)(1) and Western District of Washington Local Rule 37(a)(1)(A) by conducting several discovery conferences with defense counsel with respect to Defendants' incomplete responses and documents not produced. Defendants are engaging in a delay tactic knowing very well of the upcoming deadlines, responses to Defendants' motion for summary judgment, pre-trial orders and briefing, and trial date. Defendants' conduct is preventing Plaintiff Scott from moving forward with proving her claims and being able to thoroughly respond to Defendants' already filed motion for summary judgment. Defendants should be ordered to serve complete responses in full compliance with Rules 33 and 34 within five (5) days of an order granting this motion.

**C. The Parties Have Agreed on Many Terms But Defendants Have Still Not Provided Complete Responses or Documents**

As reflected in Exhibit B to the Declaration of Ada K. Wong, counsel for the parties have come to an agreement on most of the discovery requests, specifically:

*Defendant TESC's Supplemental Response to First Set of Discovery:* RFP Nos. 3, 14, and 15; and

*Defendant TESC's Responses to Third Set of Discovery:* RFP Nos. 1, 3, 4, 5, 6, 7, 12, 13, 14, 16, 17, 18 and Interrogatory No. 1.

However, to date, Defendants have not produced full responses to the Third Set of discovery to Defendant TESC, only the objections. No documents have been received by Plaintiff Scott to this set of discovery either, and defense counsel only *hopes* to provide the responses and documents by close of business on December 6, 2018 (the date of filing this

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 8
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

motion) – despite having promised said responses and documents by November 30, 2018. Given the history of the production of responses and documents, Plaintiff Scott has reason to be highly concerned that she will not receive the full responses and documents by close of business on December 6, 2018[2], and now files this motion, given the upcoming deadlines and wait time for this Court to entertain this Motion.

**D.     Defendant Schooler Must Make a Reasonable Inquiry**

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence. *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26, Advisory Committee's Note (1983). Boilerplate objections to requests are inadequate to preclude production. Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Parties are required to produce documents that are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its

---

[2] Plaintiff's counsel waited until past 5:30 p.m. to file this motion in hopes that Richmond would produce the response and responsive documents as promised by close of business (5 p.m.) on December 6, 2018. At the time of filing this Motion, Wong did not receive any responses or responsive documents as promised.

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL DISCOVERY RESPONSES - 9**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted).

If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. *Ochotorena v. Adams*, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D. Cal. Mar. 19, 2010); *accord Williams v. Alcala, Dist. Court*, No. 1:17-cv-00916-DAD-SAB (PC) at ¶12 (E.D. Cal. Aug. 31, 2018)

Where a party does not have responsive documents, it must come forward with an explanation of the search conducted "with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through declarations under oath detailing the nature of the efforts to locate responsive documents. *See Meeks v. Parsons*, No. 1:03–cv–6700–LJO–GSA, 2009 WL 3003718, at * 4 (E.D. Cal. Sept. 18, 2009) (citing *A. Farber & Partners Inc.*, 234 F.R.D. at 190).

Counsel bear responsibility for coordinating their clients' discovery production. *Knickerbocker v. Corinthian Colleges, Dist. Court*, Case No. C12-1142JLR at ¶ 36 (W.D. Wash. April 7, 2014) (citing *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422, 432 (S.D.N.Y. 2004) ("Counsel must take affirmative steps to monitor compliance so that all sources of discoverable information are identified and searched."). As such, counsel's failure to oversee a client's discovery efforts may merit sanctions. *Id.* (citing *Qualcomm Inc. v. Broadcom Corp.*, 05CV1958-B (BLM), 2008 WL 66932 (S.D. Cal. Jan. 7, 2008) *vacated in part*, 05CV1958-RMB (BLM), 2008 WL 638108 (S.D. Cal. Mar. 5, 2008) (sanctioning

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 10
Case No. 3:17-cv-05823-BHS

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

attorneys because they "did not conduct a reasonable inquiry into the adequacy of [their client's] document search and production and, accordingly, they are responsible, along with [their client] for the monumental discovery violation"); *R & R Sails Inc. v. Ins. Co. of State of Pa.*, 251 F.R.D. 520, 528 (S.D. Cal. 2008) (imposing sanctions against attorney for "failure to search for and timely produce electronically-stored information")).

Here, defense counsel refused to instruct Defendant Schooler to conduct a reasonable inquiry of her e-mail account to see whether the search terms as requested in Plaintiff's Second Set of discovery to Schooler yielded any results. Richmond simply stated that Defendant Schooler is basing this on her memory and she does not recall any responsive documents. Wong pointed out that the requested information is from approximately 8 years ago, and one's memory fades, and it should only take about 5 minutes for Schooler to input the search terms into her e-mail account. Wong also stated that even in Schooler's deposition, which was under penalty of perjury, she testified opposite to what facts and documents showed, and when Schooler was provided with the "impeachment" documents, her recollection/testimony changed. Wong Decl., ¶ 22. As such, Plaintiff Scott has reason to believe that there may be responsive documents and Defendant Schooler should conduct a reasonable inquiry to check – especially given the importance of any responsive documents.

**E.      Reasonable Attorney's Fees are Appropriate**

Fed. R. Civ. Proc. 37 mandates an award of reasonable fees and costs to a party forced to file a motion to compel:

If the Court grants the motion, an award of fees is mandatory:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 11
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   to be heard, require the party or deponent whose conduct necessitated the
    motion, the party or attorney advising that conduct, or both to pay the movant's
2   reasonable expenses incurred in making the motion, including attorney's fees....

3   Fed. R. Civ. Proc. 37(a)(5).

4       Defendants' failure to adequately and completely respond to Plaintiff Scott's discovery

5   requests and their counsel's failure to respond in a timely fashion after having promised to

6   produce responses and responsive documents necessitated the filing of this motion.  This

7   motion would not have been necessary if Defendants provided their responses as promised on

8   November 30, 2018, and if Defendants properly conducted their searches and/or

9   communicated with Plaintiff in a timely fashion.  Plaintiff Scott has repeatedly tried to resolve

10  these issues without this Court's intervention and has provided Defendants reasonable

11  extensions and leeway to provide said responses, giving Defendants every opportunity to avoid

12  this motion.  Unfortunately, with the upcoming deadlines, summary judgment motions, and

13  trial date, coupled with Defendants' refusal to provide a hard deadline to provide full and

14  complete responses, this Motion follows.  Thus, Plaintiff Scott request a reimbursement of

15  reasonable attorney's fees in having to bring this Motion.

16  **VI.    CONCLUSION**

17      For the foregoing reasons, Plaintiff Scott respectfully requests that Defendants TESC

18  and Jennifer Schooler be compelled to fully respond to the outstanding discovery requests,

19  including producing all responsive documents.

20  **VII.   CERTIFICATE OF COMPLIANCE WITH CR 37**

21      Counsel met and conferred on November 30, 2018, December 5, 2018, and December

22  6, 2018, regarding the above-referenced discovery and responses.  *See* Wong Decl., ¶ 21.

23  //

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 12
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

# VIII. **PROPOSED ORDER**

A proposed order seeking the relief requested is attached.

**DATED** December 6, 2018.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Attorney for Plaintiff ShaMarica D. Scott
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com

**PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL**
**DISCOVERY RESPONSES - 13**
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury under the laws of the State of Washington that I am now and at all times herein mentioned, a citizen of the United States, a resident of the State of Washington, over the age of eighteen years, not a party to or interested in the above-entitled action, and competent to be a witness herein.

On December 6, 2018, I caused a copy of the foregoing **PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL DISCOVERY RESPONSES** to be served on the parties listed below in the manner specified below:

| | | |
|---|---|---|
| El Shon D. Richmond<br>Janay Ferguson<br>Suzanne LiaBraaten<br>ATTORNEY GENERAL OF WASHINGTON /<br>Torts Division<br>7141 Cleanwater Drive SW<br>P.O. Box 40126<br>Olympia, WA 98504<br>Elshonr@atg.wa.gov<br>JanayF@atg.wa.gov<br>stefanyl@atg.wa.gov<br>daniellew@atg.wa.gov<br>TOROlyEF@atg.wa.gov<br>maritzao@atg.wa.gov<br>*Attorneys for Defendants* | ☐<br><br>☐<br><br>☐<br><br>☒ | VIA FACSIMILE<br><br>VIA FIRST CLASS U.S. MAIL<br><br>VIA MESSENGER/HAND DELIVERY<br><br>**VIA E-MAIL/E-FILE**<br>*Per 1/17/18 Stipulation*<br>*Regarding Electronic Service*<br>*Pursuant to Fed. R. Civ. P. 5* |

Dated this 6th day of December, 2018, at Mountlake Terrace, Washington.


*/s/ Ada K. Wong* _____
Ada K. Wong

PLAINTIFF SHAMARICA SCOTT'S MOTION TO COMPEL
DISCOVERY RESPONSES - 14
Case No. 3:17-cv-05823-BHS

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529